# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Alvin C.,
**Petitioner Below, Petitioner**

**FILED**

**April 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0030** (Webster County 15-P-21)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alvin C.,[1] pro se, appeals the December 18, 2015, order of the Circuit Court of Webster County dismissing his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Julie A. Warren, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2005, petitioner was indicted on two counts of third-degree sexual assault pursuant to West Virginia Code § 61-8B-5 and two counts of sexual abuse by a parent, guardian, or custodian pursuant to West Virginia Code § 61-8D-5 for acts allegedly committed on a fourteen-year-old child in April of 2003.[2] A jury subsequently convicted petitioner on all counts. The circuit court sentenced petitioner to an aggregate term of twenty to forty years of incarceration with a combination of concurrent and consecutive sentences. Petitioner petitioned this Court to review his convictions in 2006, and the Court refused his appeal.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]In April of 2003, petitioner was thirty-four years old.

1

Petitioner filed his first petition for a writ of habeas corpus on August 18, 2006, and was subsequently appointed counsel. Petitioner's habeas attorney filed an amended petition on December 26, 2006, alleging eighteen grounds of relief. The circuit court held an omnibus habeas corpus hearing on May 27, 2007. On December 12, 2007, the circuit court denied the petition after addressing all eighteen grounds including ineffective assistance of trial counsel.

Petitioner filed his second habeas petition on September 23, 2010, with regard to a *nunc pro tunc* order the circuit court entered on April 28, 2009, to correct an error in its December 12, 2007, order denying petitioner's first petition. Because the error related to whether petitioner's sentences continued to run consecutively, petitioner argued the *nunc pro tunc* order violated double jeopardy principles. Petitioner was again appointed habeas counsel and provided a hearing on February 9, 2011. On February 23, 2011, the circuit court denied the second petition. Petitioner appealed to this Court, and we affirmed the circuit court's February 23, 2011, order. *See* [*Alvin C.*] *v. Ballard*, at 2 No. 11-1082 (W.Va. Supreme Court, March 12, 2012) (memorandum decision) ("*Alvin C. I*").

Petitioner filed his third habeas petition on October 16, 2013, asserting that counsel in each of his prior habeas proceedings failed to conduct a reasonable investigation into his claims. However, petitioner's allegations focused on his *trial* counsel's performance. Accordingly, on December 11, 2013, the circuit court denied petitioner's third petition on the ground that the issues raised therein were previously and finally adjudicated or waived in his prior habeas corpus proceedings. Petitioner appealed the denial of his third petition, which we affirmed in [*Alvin C.*] *v. Ballard*, No. 14-0020, at 3 (W.Va. Supreme Court, April 28, 2014) (memorandum decision) ("*Alvin C. II*"), on the ground that "petitioner has already had prior habeas proceedings in which he was afforded counsel and a hearing, [and] he may not re-raise the ineffectiveness of trial counsel."

Petitioner filed his fourth habeas petition on November 16, 2015, alleging that his trial attorney and his habeas attorneys were ineffective by not raising the issue of whether petitioner was his victim's custodian at the time of his offenses. In his petition, petitioner quoted from the trial testimony of his minor victim's mother. The victim's mother was asked whether petitioner "was supposed to take care of him." She answered, "Yes, [petitioner] was the adult." Petitioner also quoted the victim's testimony as follows:

Q. Okay. So[,] when he picked you up at the house your mom took you out[,] she knew where you were going?

A. Yeah.

Q. And[,] you went with her permission?

A. Yeah.

Q. And[,] during these times you went with [petitioner,] who was watching you? Who was in charge of you to make sure you stayed out of trouble and that sort of stuff?

2

A. [Petitioner].

Q. [Petitioner] was?

A. Yeah.

Related to this issue, petitioner argued that his trial attorney and habeas attorneys failed to assert that the jury should have been instructed that, in order for the State to prove that petitioner was the victim's custodian, it had to prove that he "assumed" the role of babysitter.

By an order entered on December 18, 2015, the circuit court determined that the instant petition was "ripe for summary dismissal." The circuit court found that "[p]etitioner's claims have been previously and finally adjudicated, and [petitioner] has further waived any additional grounds asserted in this [p]etition by failing to raise them in his three prior habeas proceedings." Accordingly, the circuit court dismissed petitioner's instant habeas petition.

Petitioner now appeals the circuit court's December 18, 2015, dismissal order. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006). A court having jurisdiction over habeas corpus proceedings may dismiss a petition for a writ of habeas corpus without a hearing and without appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner contends that the circuit court erred in dismissing his instant habeas petition without a hearing and without appointment of counsel because he is alleging ineffective assistance of habeas counsel.[3] Petitioner argues that, because he raises that issue, the normal procedural bar against the filing of a successive habeas petition does not apply in this case. *See* Syl. Pt. 4, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) (holding that assertion of ineffective assistance of habeas counsel prevents application of doctrine of res judicata in

---

[3]While petitioner also alleges ineffective assistance of trial counsel, we found in *Alvin C. II* that "he may not re-raise the ineffectiveness of trial counsel" because that issue was previously and finally adjudicated. No. 14-0020, at 3. We note that our memorandum decision in *Alvin C. II* was itself an adjudication on the merits. *See In Re: T.O.*, __ W.Va. __, __, 796 S.E.2d 564, 573 (2017); *State v. McKinley*, 234 W.Va. 143, 151, 764 S.E.2d 303, 311 (2014).

3

successive habeas proceedings).[4] Respondent counters that the circuit court properly summarily dismissed the instant petition because the issues that petitioner alleges that his habeas attorneys failed to raise are without merit. We agree with respondent.

In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (a) counsel's performance was deficient under an objective standard of reasonableness; and (b) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Petitioner alleges that his habeas attorneys failed to raises the issues of (1) whether the State presented sufficient evidence to prove that he was his minor victim's custodian at the time of his offenses; and (2) whether the jury was properly instructed on the issue of whether petitioner was the victim's custodian pursuant to West Virginia Code § 61-8D-5. We address these issues seriatim.

With regard to the first issue, in *State v. Stephens*, 206 W.Va. 420, 421-23, 525 S.E.2d 301, 302-04 (1999), we found that a babysitter could be a custodian for purposes of West Virginia Code § 61-8D-5. Given the trial testimony of both the victim and the victim's mother that petitioner was "in charge of" the victim and "was supposed to take care of [the victim]" those times the victim with him, we find that there was sufficient evidence to allow the issue of whether petitioner was the victim's custodian to go to the jury. *See Stephens*, 206 W.Va. at 420, 525 S.E.2d at 301, syl. pt. 1 (holding that whether babysitter is custodian under West Virginia Code § 61-8D-5 constitutes jury question).[5] We conclude that petitioner's first issue is without merit and, accordingly, that his habeas attorneys were not ineffective in failing to raise it.

Second, petitioner asserts that the jury was not properly instructed on the issue of whether petitioner was the victim's custodian. However, the circuit court instructed the jury that they had to find beyond a reasonable doubt that petitioner was the victim's custodian and that a "custodian"

---

[4]In *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), the Supreme Court of the United States similarly held that, when a petitioner in a state habeas proceeding is required to raise ineffective assistance of counsel in that proceeding rather than on direct appeal, the petitioner may re-raise that issue in a later federal habeas proceeding if he was not appointed counsel in the state habeas proceeding. Petitioner contends that the Supreme Court in *Martinez* held that the United States Constitution requires appointment of counsel in a subsequent habeas proceeding, in which the petitioner is alleging ineffective assistance in a prior habeas proceeding. However, the Supreme Court in *Martinez* found that "[t]his is not the case" for a constitutional ruling and chose to make a more narrow decision regarding the application of the doctrine of procedural default in federal habeas proceedings. *Id.* at 9.

[5]Petitioner relies on our decision in *State v. Longerbeam*, 226 W.Va. 535, 703 S.E.2d 307 (2010), to assert that he was not his victim's custodian. However, we find that the instant case is distinguishable from *Longerbeam* given that, in this case, there was evidence that petitioner was the person "charged with" supervising the minor victim. *Id.* at 542, 703 S.E.2d at 314.

4

was "a person over the age of fourteen years who has or shares actual physical possession or care and custody of a child on a full-time or temporary basis, regardless of whether such person has been granted custody of the child by any contract, agreement or legal proceeding." We find that the circuit court properly used the definition of "custodian" set forth in West Virginia Code § 61-8D-1(4) given that we determined that in *Stephens* that § 61-8D-1(4) "defines a 'custodian' for purposes of [West Virginia] Code § 61-8D-5[.]" 206 W.Va. at 422, 525 S.E.2d at 303. Given that the circuit court gave the jury the applicable definition of "custodian," we find that this issue is without merit and, accordingly, that petitioner's habeas attorneys were not ineffective in failing to raise it. Therefore, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's instant habeas petition.

For the foregoing reasons, we affirm the circuit court's December 18, 2015, order dismissing petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   April 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5